Robert STANLEY, Appellant
(Petitioner below),

v.

STATE of Indiana, Appellee
(Respondent below).

No. 783S264.

Supreme Court of Indiana.

July 9, 1985.

Susan K. Carpenter, Public Defender, Frances Watson, Dep. Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Dep. Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

The petitioner-appellant, Robert Stanley, is before this Court appealing from the denial of his petition for post-conviction relief. He was charged initially with arson, a class B felony, Ind.Code § 35–43–1–1 (Burns 1985 Repl.) and burglary of a dwelling, a class B felony, Ind.Code § 35–43–2–1 (Burns 1985 Repl.). Appellant was found guilty by a jury and sentenced to two concurrent twenty-year terms. His convictions were affirmed on direct appeal in *Stanley v. State* (1980), 273 Ind. 13, 401 N.E.2d 689.

Appellant raises three issues in this appeal from denial of post-conviction relief: (1) whether he had effective assistance of counsel; (2) whether the lower court erred by failing to grant a new trial based upon newly discovered evidence; (3) whether a new trial should be granted appellant based upon the nondisclosure of an alleged pre-testimony agreement between the State and appellant's accomplice.

On February 16, 1982, the following pertinent findings were made by the post-conviction court: (1) since appellant failed to allege specific conduct or misconduct of his trial counsel, appellant failed to establish by a preponderance of the evidence his claims of ineffective assistance of counsel; (2) the newspaper article produced as evidence does not exculpate appellant from the crimes for which he was convicted; (3) appellant failed to establish by a preponderance of the evidence the existence of a pre-testimony agreement between the State and appellant's accomplice which should have been disclosed to the jury; and (4) the post-trial affidavit of a State's witness is essentially conjecture on the affiant's part, unsupported by any demonstrable facts set forth in the affidavit, and does not establish that appellant was not involved in the offenses for which he was convicted.

I.

Appellant claims he did not have effective assistance of counsel at his trial. To succeed on an ineffective assistance of counsel claim, appellant must satisfy the *Strickland* performance-prejudice, standard. *Strickland v. Washington* (1984), — U.S. —, 104 S.Ct. 2052, 80 L.Ed.2d

674. The performance component requires appellant to show that counsel's performance was deficient. The attorney performance standard is reasonably effective assistance which is objectively measured by the prevailing professional norms. To satisfy this criterion, appellant must overcome the strong presumption that counsel's conduct lies within the wide range of reasonable professional assistance. The prejudice component requires appellant to show that counsel's unreasonable performance not only prejudiced the defense, but also that this prejudice undermined the reliability and fairness of the proceeding.

Appellant's claim that he did not have effective assistance of counsel at his trial is predicated on two theories: one, trial counsel failed to impeach a crucial state witness, and, two, trial counsel was unprepared for trial.

■ Appellant first contends that trial counsel Graves failed to impeach accomplice Denny's in-court testimony because he did not call Virgil Bullard as an impeaching witness.

Denny testified at appellant's trial that he, appellant, and co-defendant McGee went to the home of the victim, Michael Spence, removed articles belonging to Spence, and then appellant set fire to Spence's home on August 31, 1978. Appellant was apparently angry at Spence's mother, with whom he had been living, for throwing him out of her house. He indicated to Denny that burning her son's home was motivated by revenge. On cross-examination by trial counsel Graves, Denny admitted that he drank several times a week, had previously set other fires, and had received psychiatric treatment.

At appellant's post-conviction hearing Virgil Bullard testified that he had not been contacted to testify at appellant's trial about Denny's reputation for truthfulness in the community and that Denny once lied about Bullard telling Denny to set fire to some of Bullard's homes. Graves also testified at the post-conviction hearing that prior to trial he was aware that Denny's

credibility was questionable, that he did not call any witnesses to refute Denny's testimony, and, based upon his personal knowledge of Bullard's involvement in a criminal action, Graves decided that Bullard's veracity as a witness was also questionable.

Since trial counsel exercised his prerogative to determine the detriments and benefits of witness testimony after due deliberation, his decision not to call Bullard as a witness was a reasonable trial tactic. Moreover, Graves did attack Denny's credibility by eliciting from Denny on cross-examination his admission regarding his alcohol consumption, prior acts of arson, and psychiatric treatment. Trial counsel's performance was not deficient on this basis.

■ Appellant also premises his argument of ineffective assistance of counsel on trial counsel's lack of preparation for trial. Appellant maintains that Graves failed to prepare adequately his alibi witnesses' testimony because these witnesses testified inconsistently at his trial. At the post-conviction hearing Graves testified that he had conversations with some of the alibi witnesses before trial but did have difficulty reaching a couple of these witnesses prior to the trial.

Denny testified at trial that he, appellant, and co-defendant McGee arrived at the Spence home at 8:30 to 8:45 p.m. on August 31, 1978, and departed approximately thirty to forty-five minutes later. Therefore, the men left the Spence home somewhere between 9:00 and 9:30 on the evening of August 31, 1978. There is a possible discrepancy in the testimony of Dick Fletcher and William Schafstall as to appellant's whereabouts at midnight, a time period not at issue in regard to appellant's alibi. When first questioned, alibi witnesses Jim Murphy and Kathy Ashby testified that appellant was with them, either at a bar or residence, respectively, between 9:30 and 10:00 the evening of August 31, 1978. However, there is no merit to appellant's inconsistent alibi witness claim because further questioning revealed that witness Murphy was not sure whether

he was with appellant on the night in question.

## II.

Appellant claims that the lower court erred by failing to grant him a new trial based upon newly discovered evidence. He maintains that the post-conviction hearing testimony and post-trial affidavit of Deborah Earle McQueen, a State's trial witness, establishes that he was wrongly convicted of arson.

McQueen's trial testimony that she had witnessed her mother and appellant argue was apparently designed to support Denny's trial testimony that appellant's burning of Spence's home was motivated by revenge against Spence's mother for kicking appellant out of her home. At the November, 1982 post-conviction hearing McQueen testified about a February 14, 1979 barroom conversation wherein Denny admitted to Spence and McQueen that he had set fire to Spence's home. McQueen did not testify at appellant's sentencing hearing held on February 20, 1979.

■ In order to qualify as newly discovered evidence capable of permitting a new trial, an affidavit must contain a statement of the facts showing (1) that the evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that due diligence was used to discovered it in time for trial; (7) that the evidence is worthy of credit; (8) that it can be produced upon a retrial of the case; and (9) that it will probably produce a different result. *Emerson v. State* (1972), 259 Ind. 399, 287 N.E.2d 867.

■ In her affidavit, dated June 6, 1980, McQueen stated that Denny admitted setting fire to the Spence home on August 18, 1978, that she now believes that Denny did set fire to her brother's home, and that she is now convinced that appellant did not set the fire for which he was convicted. The affidavit is only conjecture on the affiant's part and does not set forth any creditworthy facts to substantiate that appellant was not involved in the offenses for which he was convicted.

## III.

■ Appellant claims that accomplice Denny testified for the State at appellant's trial in exchange for a promise of sentencing leniency from the prosecutor's office. Appellant contends that this deal was in contravention of *Newman v. State* (1975), 263 Ind. 569, 334 N.E.2d 684, since the jury was unaware of this deal and thus could not properly assess Denny's credibility as a witness. The record does not substantiate appellant's claim that a prior deal did in fact exist between the prosecutor and Denny. Denny testified at trial that he did not receive any deal from the prosecutor's office and was aware that he faced the same charges as appellant. At the post-conviction hearing Denny reiterated the same and indicated that he did not have any expectation of leniency for testifying on behalf of the State. Denny also denied that substance of a newspaper article which reported that Denny told the reporter that he received a suspended sentence because he helped the police. At the post-conviction hearing counsel Graves also testified that while he initially suspected that a deal had been made with Denny prior to his trial testimony, further investigation was unable to establish that a prior arrangement, deal, or promise was made with Denny for his testimony. Appellant relies primarily on the differential sentencing accorded appellant and Denny to substantiate his claim. Appellant received two concurrent twenty-year terms of imprisonment, whereas Denny received a six-year sentence recommended by the prosecutor, which was suspended with probation. Appellant's sentence was enhanced due to aggravating circumstances. Expectations coupled with evidence that a prosecutor-accomplice witness deal may have been consummated after the in-court testimony is insufficient to bring this case within the *Newman* rule. Appellant has failed to sustain his burden of establishing his grounds for relief by a

preponderance of the evidence.  Ind.R.P.C. 1 Sec. 5.

The findings of the post-conviction court are amply supported in the record and are clearly sufficient to support the denial of post-conviction relief.  The judgment is affirmed.

GIVAN, C.J., and PRENTICE and PIVARNIK, JJ., concur.

HUNTER, J., not participating.