**John C. BAXLE, a/k/a John C.
Bailey, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 984S349.

Supreme Court of Indiana.

July 23, 1985.

Barrie C. Tremper, Chief Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant John C. Baxle, a/k/a John C. Bailey was tried and found guilty, but mentally ill, on two counts of Attempted Murder by a jury in Allen Superior Court. The Honorable Alfred W. Moellering sentenced Defendant to a term of thirty (30) years for each conviction, said terms to be served concurrently in the Indiana Department of Corrections.

Appellant now directly appeals his conviction and raises the following three issues:

1. the trial court erred by admitting testimony of a general practitioner of medicine on the issue of Defendant's insanity;

2. the trial court erred by permitting a court-appointed psychiatrist to impeach himself; and

3. sufficiency of the evidence.

Defendant was in his mid-thirties, had a history of mental illness and was living with his parents on June 26, 1982. That day Defendant and his father argued, and Defendant accused his father of planning to commit Defendant to a mental institution. In the course of the argument, Defendant threatened to kill his father. Later that evening, as Defendant's father and mother were returning from a social visit, Defendant shot and seriously wounded his father. Defendant then barricaded himself within his parents' home. A police S.W.A.T. team surrounded the house and two members squatted near a window. One of them stood to peer inside and was shot at from within the house. The pellets hit his face, neck, and chest. Further, he lost an eye as a result of his injuries. When the defendant finally surrendered, he was immediately taken into custody.

At trial, Defendant interposed a defense of insanity. Psychiatrists Huffman and Pancner testified Defendant was insane at the time of the shooting. However, Dr. Pancner later testified otherwise and indicated he had changed his opinion during the trial. Dr. Ahlbrand, a physician not specializing in psychiatry, testified that more than half of the consultations he does involve emotional or mental problems. Dr. Ahlbrand further testified he could not determine whether Defendant was insane at the time of the shootings. Defendant's father, mother, brother and neighbor testified Defendant was legally sane at the time of the shooting. The jury returned a verdict of guilty, but mentally ill.

I

■ Defendant contends the trial court committed reversible error by permitting Ronald C. Ahlbrand, M.D., to testify concerning the Defendant's mental condition at the time of the alleged crimes over Defendant's objection. However, general physicians may testify as experts in the determination of sanity. *Cody v. State*, (1972) 259 Ind. 570, 290 N.E.2d 38, *cert. denied*, (1974) 416 U.S. 960, 94 S.Ct. 1978, 40 L.Ed.2d 311. The extent of the witness' acquaintance with the subject may always be inquired into to enable the jury to estimate the weight of his evidence. Whether

he is competent to testify as an expert is a question for the trial court. The weight to be given his testimony is a jury determination. *Bixler v. State,* (1984) Ind., 471 N.E.2d 1093, *reh. denied; Van Orden v. State,* (1984) Ind., 469 N.E.2d 1153, *reh. denied.* In the immediate case Dr. Ahlbrand testified that although he was not a psychiatrist, more than half of his consultation cases involved emotional and mental problems. This was a sufficient basis from which the trial judge would conclude Dr. Ahlbrand's expertise could assist the jury. The fact that Dr. Ahlbrand was not a psychiatrist was made clear to the jury. Further, Dr. Ahlbrand testified he could not give an opinion as to Defendant's legal sanity, which made his testimony innocuous to Defendant's case. Accordingly, the trial court did not err by admitting the expert opinion of Dr. Ahlbrand. Defendant's objection goes to the weight attributed to this testimony, not its admissibility. *Bixler, supra.* Defendant has failed to demonstrate any error by raising this issue.

## II

Appellant urges us to find fundamental error due to the trial court permitting Ronald J. Pancner, M.D., one of the court appointed psychiatrists, to impeach his prior report and opinion regarding Defendant's legal sanity. Dr. Pancner issued his formal written opinion, finding Defendant legally insane at the time of the commission of the crimes, immediately after he examined the defendant. At trial he affirmed this opinion on direct examination. However, on re-direct examination, Dr. Pancner testified he was not sure Defendant's mental status and ability was impaired to the extent of insanity. Dr. Pancner stated, "I guess my opinion has somewhat modified [sic] since reviewing this material." (Record at 630). Defendant argues this revised testimony impeached Dr. Pancner's prior written statement, came as a surprise, and persuaded the jury to return a verdict of guilty, but mentally ill.

The trial court's admission of Dr. Pancner's testimony which contradicted his written report was not fundamental error.

"Fundamental error is an exception to the general rule which requires an in-trial objection in order to preserve error for appeal. To fit within the exception, the error complained of must be such, that if not rectified, would deny the defendant 'fundamental due process.' (citations omitted). It is not enough that it relates in some manner to the violation of a constitutional right."

*Johnson v. State,* (1979) 271 Ind. 145, 390 N.E.2d 1005, *cert. denied,* (1979) 444 U.S. 944, 100 S.Ct. 302, 62 L.Ed.2d 312. The element of surprise accompanying Dr. Pancner's revised opinion does not rise to the level of fundamental error. Several other witnesses testified as to Defendant's sanity which could have been the basis for the jury's verdict. Further, because Dr. Pancner's original opinion was impeached it is just as plausible the jury disregarded his opinions entirely as opposed to adopting his latter opinion as Defendant urges. Defendant's proper recourse would have been to have requested a continuance to deal with the surprise testimony. However, Defendant failed to do so and cannot now claim fundamental error when he was not denied fundamental due process.

## III

Defendant contends the verdict entered in this cause is not supported by sufficient evidence and is contrary to law because the evidence presented at trial reveals Defendant was legally insane at the time of the crimes. He supports this argument by noting three medical doctors testified at trial regarding his legal sanity. The first opined Defendant was legally insane when the crimes were committed. The second originally opined he was legally insane, but decided that opinion was incorrect and stated his uncertainty as to whether Defendant was legally insane during the commission of the crimes. The third doctor refused to give an opinion as to Defendant's legal sanity. Defendant ignores the fact that his father, mother, brother, and

neighbor opined he was legally sane when the crimes were committed. A jury may consider any opinion as well as an expert opinion in assessing a Defendant's mental capacity at the time the crime was committed. *Reighard v. State*, (1984) Ind., 457 N.E.2d 557; *McCall v. State*, (1980) 273 Ind. 682, 408 N.E.2d 1218. Expert testimony is not binding on this issue. *Owen v. State*, (1980) Ind.App., 406 N.E.2d 1249, *trans. denied.* We will not reweigh the evidence upon a claim of insufficiency of the evidence, rather we will reverse only where the evidence is without conflict and leads to but one conclusion and the trier of fact has reached an opposite conclusion. *Ward v. State*, (1982) Ind., 438 N.E.2d 750; *Turner v. State*, (1981) Ind., 428 N.E.2d 1244. Accordingly, the conflict in the testimony concerning Defendant's legal sanity was properly resolved by the jury in a verdict of guilty, but mentally ill. Further, the verdict was sufficiently supported by evidence introduced at trial. Defendant has therefore not presented a reviewable issue meriting reversal.

Finding no error, we affirm the trial court in all things.

GIVAN, C.J., and DeBRULER, and PRENTICE, JJ., concur.

HUNTER, J., not participating.