Roy BRITT, Jr., Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 78A01–0312–CR–489.

Court of Appeals of Indiana.

June 29, 2004.

regarding the validity of the injunction or the propriety of its breadth.

Leanna Weissmann, Lawrenceburg, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Statement of the Case

Appellant–Defendant Roy Britt, Jr. ("Britt") appeals his convictions of Possession of Marijuana, one count as a Class D felony and one count as a Class A misdemeanor.[1] We affirm the Class A misdemeanor conviction and remand with instructions to the trial court to vacate the felony conviction and sentence.

### Issues

Britt presents two issues for review:

---

1. Ind.Code § 35–48–4–11.

I. Whether the trial court committed fundamental error in admitting evidence obtained during the execution of a search warrant unsupported by probable cause; and

II. Whether Britt was subjected to double jeopardy for a single offense.

## Facts and Procedural History

On August 24, 2002, Kyle Ingleking ("Ingleking") reported to the Indiana State Police that he was squirrel hunting on a farm leased by Dale Simon ("Simon") in Switzerland County when he observed what he suspected was a patch of marijuana plants. Officer Tom Baxter ("Officer Baxter") was dispatched to investigate, and Ingleking directed Officer Baxter to the place where he had discovered the suspicious plants.

Traversing Simon's farmland with his permission, Officer Baxter and Detective Grant Martin began to conduct routine surveillance of the suspicious plants. On September 8, 2002, the officers were near the suspicious plants, and began following paths in the area. The officers "looked into a narrow wooded area that followed the corn field" and discovered white plastic buckets apparently containing marijuana plants. (Tr. 7.) The plants were located in view of Britt's residence, at the end of his yard. A "well-defined" path extended from the buckets to the mowed portion of Britt's yard. (Tr. 23.)

The following day, Officer Baxter obtained and executed a search warrant for Britt's residence. A search of Britt's residence revealed grow lights, rooting hormone, clay pots and "plant material." (Tr. 43.) Britt admitted to Officer Baxter that the grow lights and the plants in buckets belonged to him. George Smith of the Indiana State Police laboratory tested the leaves and stalks obtained pursuant to the search warrant and identified them as follows. Item 13 was "plant material" containing marijuana, weighing 456.90 grams, inclusive of the stalk.[2] Item 14 was "plant material" containing marijuana, weighing 19.20 grams, inclusive of the stalk. Item 18 was "plant material" containing marijuana, weighing 342.90 grams, excluding the stalk. (State's Exhibit T.)

On September 10, 2002, the State of Indiana charged Britt with maintaining a common nuisance, a Class D felony, Ind. Code § 35–48–4–13(B), possession of marijuana over thirty grams, a Class D felony, I.C. § 35–48–4–11(1), and possession of marijuana by cultivating marijuana over thirty grams, a Class D felony, I.C. § 35–48–4–11(2).

Prior to trial, Britt moved to suppress evidence gained as a result of the search of his residence. On January 31, 2003, following a suppression hearing, the trial court denied Britt's motion to suppress. The trial court certified its order for interlocutory appeal. On June 18, 2003, this Court denied Britt's petition for an interlocutory appeal.

On October 28, 2003, Britt was tried in a bench trial. The trial court acquitted Britt of the charge of maintaining a common nuisance, but entered judgments of conviction for possession of marijuana, one count as a Class D felony, and one count as a Class A misdemeanor.[3] Britt was sen-

---

2. Indiana Code Section 35–48–1–19 defines "marijuana" as "any part of the plant genus Cannabis whether growing or not," but specifically excludes the stalks of the plant.

3. Upon entering the judgment of conviction for possession by cultivating marijuana, as a

Class A misdemeanor rather than a Class D felony as charged, the trial court stated: "Count III of the information, and this is based on other technical grounds, the Court finds the Defendant guilty of cultivation of marijuana, the A misdemeanor." (Tr. 74.) The phrase "other technical grounds" is an

tenced to eighteen months imprisonment, with eight months suspended, upon his felony conviction. He was sentenced to one year of imprisonment, with two months suspended, upon his misdemeanor conviction. The sentences were to be served concurrently. Britt now appeals.

### Discussion and Decision

#### I. Admissibility of Evidence Obtained Pursuant to Search Warrant

■ Britt alleges that the warrant authorizing the search of his residence was not based upon probable cause; thus, the trial court erroneously admitted evidence obtained pursuant to the warrant. Specifically, Britt claims that there is no evidence in the search warrant affidavit directly linking his residence to illegal activity. The State correctly observes that Britt waived his allegation of error by failing to lodge a contemporaneous objection to the admission of evidence obtained pursuant to the search warrant. The trial court's denial of a motion to suppress is insufficient to preserve error for appeal; thus, the defendant must make a contemporaneous objection to the admission of evidence at trial. *Jackson v. State,* 735 N.E.2d 1146, 1152 (Ind.2000).

■ Britt concedes his lack of a contemporaneous objection, but claims that the admission of the evidence is fundamental error. Fundamental error is a substantial, blatant violation of basic principles rendering the trial unfair and depriving the defendant of fundamental due process. *Charlton v. State,* 702 N.E.2d 1045, 1051 (Ind.1998), *reh'g denied.*

■ A search warrant is presumed valid, and the burden is upon the challenger to rebut the presumption. *Rios v. State,* 762 N.E.2d 153, 156–57 (Ind.Ct.App.

2002). The Fourth Amendment of the United States Constitution and Article I, Section 11 of the Indiana Constitution require that search warrants be supported by probable cause. *Breitweiser v. State,* 704 N.E.2d 496, 498 (Ind.Ct.App.1999). When seeking a search warrant, the police must follow Indiana Code Section 35–33–5–2, which specifies the minimum information necessary to establish probable cause. *Jaggers v. State,* 687 N.E.2d 180, 183 (Ind. 1997). The statute reads in relevant part as follows:

> (a) Except as provided in section 8 of this chapter, no warrant for search or arrest shall be issued until there is filed with the judge an affidavit:
>
> (1) particularly describing:
>
> (A) the house or place to be searched and the things to be searched for; or
>
> (B) particularly describing the person to be arrested;
>
> (2) alleging substantially the offense in relation thereto and that the affiant believes and has good cause to believe that:
>
> (A) the things as are to be searched for are there concealed; or
>
> (B) the person to be arrested committed the offense; and
>
> (3) setting forth the facts then in knowledge of the affiant or information based on hearsay, constituting the probable cause.

■ In determining whether an application for a search warrant is supported by probable cause, the issuing magistrate must determine whether, given all the circumstances set forth in the affidavit, there is a fair probability that contraband or

---

apparent reference to the defense closing argument that the evidence technician who testified did not clearly establish how much the stalk of each plant weighed. However, the

technician testified that Item 18 "was essentially plant material" and its "net" weight was 342.90 grams. (Tr. 43.)

evidence of a crime will be found in a particular place. *Query v. State,* 745 N.E.2d 769, 771 (Ind.2001) (citing *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)), *reh'g denied.* Great deference is accorded the magistrate's determination by the reviewing court. *Bigler v. State,* 602 N.E.2d 509, 514 (Ind.Ct.App.1992), *reh'g denied, trans. denied.* This Court does not undertake a de novo determination of probable cause, but reviews the record to ensure that the magistrate had a substantial basis for concluding that probable cause existed. *Id.*

■ Here, the facts known to the investigating officers and presented to the magistrate in a search warrant affidavit are as follows. Officer Baxter investigated a patch of suspicious plants, which he recognized as marijuana plants. Officer Baxter and Detective Martin conducted surveillance of the patch and followed trails leading from the patch. One path led toward Britt's residence. While following that path, the officers located two buckets with what appeared to be mature marijuana plants growing inside. The plants were located "at the edge of the curtilage of Britt's residence and within view of the residence." (Tr. 119.) Britt's residence was the only occupied residence near the plants. Officer Baxter advised the magistrate that, in his experience, an individual cultivating marijuana would keep items for that purpose in or around his residence. As such, the magistrate had a substantial basis for concluding that probable cause existed. Britt has not established that the search warrant was invalid or that the trial court committed fundamental error by admitting evidence obtained pursuant to the warrant.

## II. Double Jeopardy

Britt was charged with, and convicted of two violations of Indiana Code Section 35–48–4–11, which provides in pertinent part as follows:

A person who:

(1) knowingly or intentionally possesses (pure or adulterated) marijuana, hash oil, or hashish;

(2) knowingly or intentionally grows or cultivates marijuana; or

(3) knowing that marijuana is growing on his premises, fails to destroy the marijuana plants;

commits possession of marijuana, hash oil, or hashish, a Class A misdemeanor. However, the offense is a Class D felony (i) if the amount involved is more than thirty (30) grams[.]

In Count II, the State charged that Britt possessed marijuana weighing more than thirty grams. In Count III, the State charged that Britt cultivated marijuana weighing more than thirty grams. To support these allegations, the State introduced three items of plant material, containing marijuana with an aggregate weight of more than thirty grams. Based upon this evidence, the trial court convicted Britt of possessing more than thirty grams of marijuana and possessing by cultivating less than thirty grams of marijuana. Britt claims his multiple convictions under Indiana Code Section 35–48–4–11 subjected him to double jeopardy prohibited by the United States Constitution, the Indiana Constitution and Indiana Code Section 35–38–1–6.[4]

■ In *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the United States Supreme Court determined that, where the same act or transaction constitutes a violation of two

---

**4.** We do not address Britt's argument under the actual evidence test of *Richardson v. State,* 717 N.E.2d 32 (Ind.1999), because we resolve the issue utilizing the actual elements test applicable to claims under the double jeopardy clause of the United States Constitution.

distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact that the other does not. *Bryant v. State*, 660 N.E.2d 290, 297 (Ind.1995), *cert. denied*, 519 U.S. 926, 117 S.Ct. 293, 136 L.Ed.2d 213 (1996). If each statute requires proof of an additional fact which the other does not, the offenses are not the "same offense" for purposes of the double jeopardy clause of the United States Constitution. *Id.* at 298. Consistent with this standard, Indiana Code Section 35–38–1–6 provides:

> Whenever a defendant is charged with an offense and an included offense in separate counts; and the defendant is found guilty of both counts; judgment and sentence may not be entered against the defendant for the included offense.

Indiana Code Section 35–41–1–16 defines an included offense as an offense that: (1) is established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged; (2) consists of an attempt to commit the offense charged or an offense otherwise included therein; or (3) differs from the offense charged only in the respect that a less serious harm or risk of harm to the same person, property, or public interests, or a lesser kind of culpability, is required to establish its commission.

Britt was convicted of possession of marijuana by cultivation and possession of marijuana. Possession can be either actual or constructive. *Walker v. State*, 631 N.E.2d 1, 2 (Ind.Ct.App.1994). Actual possession occurs when the defendant has direct physical control over the item, while constructive possession involves the intent and capability to maintain control over the item even though actual physical control is absent. *Id.* It is not possible to cultivate marijuana without having either actual or constructive possession of the marijuana. *Accord Mudd v. State*, 483 N.E.2d 782 (Ind.Ct.App.1985). "[O]ne cannot knowingly or intentionally manufacture the drug [marijuana] without also possessing it to that end." *Id.* at 784.

Once the State established possession of marijuana by cultivation, I.C. § 35–48–4–11(2), it also established possession of marijuana, I.C. § 35–48–4–11(1). Thus, the two offenses are not distinct offenses under the same elements test. Indiana Code Section 35–38–1–6 prohibits the entry of judgment for "an included offense." Here, possession of marijuana is the included offense because it is established by less than all the elements required to establish possession of marijuana by cultivation.[5] Accordingly, we remand to the trial court with instructions to vacate the conviction and sentence for Count II, possession of marijuana.

Affirmed in part; remanded with instructions.

BAKER, J., and FRIEDLANDER, J., concur.

---

5. Typically, when a double jeopardy violation is found, the defendant will stand convicted of the offense having the greater penalty. *Alexander v. State*, 768 N.E.2d 971, 978 (Ind.Ct. App.2002), *aff'd on reh'g*, 772 N.E.2d 476 (Ind.Ct.App.2002), *trans. denied; Hatchett v. State*, 740 N.E.2d 920, 926–27 (Ind.Ct.App. 2000), *trans. denied*. Here, however, the judgments of conviction are inconsistent, in that Britt was convicted of cultivating less than thirty grams of marijuana, but convicted of possessing over thirty grams of marijuana. Vacation of the conviction and sentence for the included offense of possession will result in Britt standing convicted of the offense having an additional element of proof but, under the unique circumstances of this case, a lesser penalty.