Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not
be regarded as precedent or cited
before any court except for the
purpose of establishing the defense of
res judicata, collateral estoppel, or the
law of the case.

ATTORNEY FOR APPELLANT:

**J. DAVID KECKLEY**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana



FILED
May 17 2012, 9:43 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DEAN E. OVERHOLSER, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 71A04-1108-CR-436 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Jane Woodward Miller, Judge
Cause No. 71D01-1008-FD-823

**May 17, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Dean E. Overholser ("Overholser") appeals his conviction for Class D felony possession of marijuana by cultivation and argues that the State presented insufficient evidence to support his conviction. We affirm.

**Facts and Procedural History**

On July 21, 2010, Indiana State Police Officer Brian Hoffman ("Officer Hoffman") was riding in a helicopter attempting to discover outdoor marijuana growing operations in St. Joseph County when he spotted four plots of marijuana plants growing near Osborn Road. Thereafter, on July 29, 2010, Officer Hoffman went to the location of the marijuana plants, which was in a densely wooded area. Officer Hoffman observed that several items apparently used to cultivate the marijuana, including a bucket, jugs of water, a shovel, and wire fencing, had been left in the area. Officer Hoffman also noticed rock wool and potting soil around the base of the plants, which indicated that the plants had been started elsewhere before being re-planted in the woods. Before leaving the area, Officer Hoffman set up motion-sensor surveillance equipment with the intention of capturing a suspect on film.

On August 4, 2010, Officer Hoffman returned to the area to check the surveillance equipment. The motion sensor had been set off ten to fifteen times, and the camera had captured a video segment showing a man walking through the marijuana plants. Officer Hoffman also noticed that the cultivation tools he had previously observed in the area had been moved. Officer Hoffman then removed the marijuana plants and surveillance equipment.

2

Because tire tracks leading to the marijuana plots came from the south, Officer Hoffman visited the nearest residence to the south of the marijuana plots. Officer Hoffman spoke with the owner of the residence, Kurt Coolman ("Coolman"), and determined that he did not match the description of the man shown in the video. Officer Hoffman also concluded that Coolman could not have been the man in the video because he had serious injuries to his legs and could not walk well. Coolman consented to a search of his property, and Officer Hoffman found nothing connecting Coolman to the marijuana plots. But when Officer Hoffman described the man shown in the video, Coolman identified the man as Overholser. Coolman and Overholser were friends, and Overholser helped Coolman maintain his property. Overholser had "complete access" to Coolman's property and lived at Coolman's residence "intermittently." Tr. pp. 134, 138. Officer Hoffman attempted to locate Overholser, but he was initially unable to do so.

Approximately thirty days after Officer Hoffman spoke with Coolman, Coolman had a conversation with Overholser about the marijuana. Overholser told Coolman that the marijuana plots were not located on Coolman's property. Overholser also claimed that he was only shown on the surveillance video for "five seconds" and stated "I've done my homework, and they can't prove cultivating[.]" Tr. pp. 136, 137.

The State charged Overholser with Class D felony possession of marijuana by cultivation. A jury trial was held on June 9, 2011, at which Officer Hoffman and Coolman testified for the State. Overholser also testified and admitted to being the

individual shown in the video, but denied cultivating the marijuana. At the conclusion of the evidence, Overholser was found guilty as charged. Overholser now appeals.

## Discussion and Decision

Overholser argues that the State presented insufficient evidence to support his conviction for Class D felony possession of marijuana by cultivation. In reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. Atteberry v. State, 911 N.E.2d 601, 609 (Ind. Ct. App. 2009). Instead, we consider only the evidence supporting the conviction and the reasonable inferences to be drawn therefrom. Id. If there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt, then the verdict will not be disturbed. Baumgartner v. State, 891 N.E.2d 1131, 1137 (Ind. Ct. App. 2008). It is not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. Drane v. State, 867 N.E.2d 144, 147 (Ind. 2007). Accordingly, the question on appeal is whether the inferences supporting the verdict were reasonable, not whether other, "more reasonable" inferences could have been made. Thompson v. State, 804 N.E.2d 1146, 1150 (Ind. 2004). Because reaching alternative inferences is the function of the trier of fact, we cannot reverse a conviction merely because a different inference might plausibly be drawn from the evidence. Id.

Indiana Code section 35-48-4-11 (2004 & Supp. 2011) provides that:

4

A person who:
(1) knowingly or intentionally possesses (pure or adulterated) marijuana, hash oil, hashish, salvia, or a synthetic cannabinoid;
(2) knowingly or intentionally grows or cultivates marijuana; or
(3) knowing that marijuana is growing on the person's premises, fails to destroy the marijuana plants;
commits possession of marijuana, . . . a Class A misdemeanor. However, the offense is a Class D felony if the amount involved is more than thirty (30) grams of marijuana . . . .

Overholser was charged with Class D felony possession of marijuana by cultivation under the second subsection of the statute. Accordingly, in order to support Overholser's conviction, the State was required to prove that Overholser knowingly or intentionally grew or cultivated more than thirty grams of marijuana. See I.C. § 35-48-4-11; Appellant's App. p. 115. On appeal, Overholser argues that the State presented insufficient evidence to prove that he was the person who cultivated the 604 grams of marijuana found growing near Coolman's property. We disagree.

After Officer Hoffman discovered the marijuana plots, he installed motion-sensor surveillance equipment with the intention of capturing a suspect on film. During the weeklong period that the camera was in place, Overholser was the only person caught on camera walking in the area. The marijuana plants were located in a densely wooded area where people were unlikely to go, giving rise to an inference that Overholser had not simply wandered into the area while on a walk. Moreover, tire tracks near the plots led toward Coolman's property and a path from Coolman's property provided the most direct access to the plots. However, Coolman was not shown in the video and had difficulty walking due to injuries. Overholser, on the other hand, was apparently able-bodied and

5

had unlimited access to Coolman's property. Additionally, when Officer Hoffman returned to the area of the marijuana plots to check the surveillance footage, he noticed that the items he had previously seen in the area had been moved, giving rise to an inference that the tools had been used during the time that the camera was in place. And Overholser made incriminating statements to Coolman; specifically, he told Coolman that the marijuana was not located on his property and stated "I've done my homework, and they can't prove cultivating[.]" Tr. pp. 136, 137. Based on this evidence as a whole, the jury could reasonably infer that Overholser was the person who had cultivated the marijuana plots located near Coolman's property.[1] Overholser's arguments to the contrary are simply requests to reweigh the evidence and judge the credibility of witnesses, which we will not do on appeal.

Relying on Britt v. State, 810 N.E.2d 1077 (Ind. Ct. App. 2004) and Mudd v. State, 483 N.E.2d 782 (Ind. Ct. App. 1985), Overholser also appears to suggest that in order to support his conviction for possession of marijuana by cultivation, the State was also required to present additional evidence establishing that Overholser had actual or constructive possession of the marijuana apart from his cultivation thereof. Overholser is incorrect. The plain language of the statute makes it clear that one who cultivates

---

[1] On appeal, Overholser asserts that the circumstantial evidence presented by the State was insufficient to support his conviction because it was not wholly inconsistent with any reasonable theory of Overholser's innocence. Although this is the proper standard at trial, and the jury was therefore properly instructed that "circumstantial evidence alone will not justify a finding of guilty unless the circumstances are entirely consistent with the accused's guilt, wholly inconsistent with any reasonable theory of the accused's innocence, and are so convincing as to exclude a reasonable doubt of the accused's guilt," Appellant's App. p. 62, we apply a less stringent standard on appeal. See Myers v. State, 532 N.E.2d 1158, 1159 (Ind. 1989). On appeal, it is not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. Drane v. State, 867 N.E.2d 144, 147 (Ind. 2007). Because we conclude such an inference can be reasonably drawn, we must affirm.

marijuana by definition possesses it. See Ind. Code § 35-48-4-11(2) (2004) (providing that a person who knowingly or intentionally cultivates marijuana commits possession of marijuana).

Moreover, the cases Overholser cites on appeal are inapposite and, to the extent that they could be considered applicable to the case at hand, they support the opposite conclusion. In Britt, the defendant was convicted of two violations of Indiana Code section 35-48-4-11 arising out of the police's discovery of marijuana plants growing in plastic buckets on his property. 810 N.E.2d at 1079. Specifically, under the first section of the statute, Britt was convicted of Class D felony possession of marijuana weighing more than thirty grams, and under the second subsection, Britt was convicted of Class D felony possession of more than thirty grams of marijuana by cultivation. Id. In reaching its conclusion that the two convictions violated double jeopardy protections because possession of marijuana is a lesser-included offense of possession by cultivation, the court reasoned that "[i]t is not possible to cultivate marijuana without having either actual or constructive possession of the marijuana." Id. at 1082. Similarly, in Mudd, this court held that possession of marijuana with intent to manufacture was a lesser-included offense of manufacturing marijuana because "one cannot knowingly or intentionally manufacture the drug without also possessing it to that end." 483 N.E.2d at 784. Accordingly, this court has previously recognized that one who cultivates marijuana by definition possesses it. Overholser's argument that the State was required to establish that Overholser possessed the marijuana separate and apart from his cultivation thereof is

7

therefore meritless. Because the State presented sufficient evidence to allow the jury to reasonably infer that Overholser cultivated the marijuana, his conviction for possession of marijuana by cultivation must be affirmed.

Affirmed.

FRIEDLANDER, J., and RILEY, J., concur.