**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Jul 29 2014, 10:23 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Special Asst. to State Public Defender
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

GROVER E. LOWE,           )
                          )
    Appellant-Defendant,  )
                          )
      vs.             )   No. 76A04-1311-CR-572
                          )
STATE OF INDIANA,         )
                          )
    Appellee-Plaintiff.   )

APPEAL FROM THE STEUBEN CIRCUIT COURT
The Honorable Allen N. Wheat, Judge
Cause No. 76C01-1304-FB-256

**July 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Following a jury trial, Grover Lowe was convicted of Possession of Methamphetamine[1] as a class B felony. Lowe now appeals presenting the following issue for our review: Was the evidence sufficient to support the conviction?

We affirm.

On March 26, 2013, Detective Sergeant Chris Emerick began surveillance of the house at 202 E. Broad Street in Angola because of suspected drug activity. The police executed a search warrant there on April 8, 2013. At the time the search warrant was executed, Lowe was on the property, but not inside the house. He was subsequently placed in protective custody. When the police made entry into the house, they found four other individuals. Throughout the house, police found multiple blister packs of pseudoephedrine, digital scales, stripped battery casings, burnt aluminum foil, syringes, and boxes of nasal decongestant, all materials indicative of methamphetamine production. Baggies of methamphetamine were also found in multiple rooms, including the basement bedroom.

Lowe was charged with possession of methamphetamine as a class B felony and possession of paraphernalia as a class A misdemeanor. The jury found Lowe guilty of possession of methamphetamine, but not guilty of possession of paraphernalia. The trial court sentenced Lowe to twelve years in the Department of Correction. Lowe now appeals.

Lowe argues the State presented insufficient evidence to support his conviction of possession of methamphetamine. When considering a challenge to the sufficiency of

---

[1] Ind. Ann. Code § 35-48-4-6.1 (Westlaw, Westlaw current through 2012 Second Regular Session).

evidence to support a conviction, we respect the fact-finder's exclusive province to weigh conflicting evidence and therefore neither reweigh the evidence nor judge witness credibility. *McHenry v. State,* 820 N.E.2d 124 (Ind. 2005). We consider only the probative evidence and reasonable inferences supporting the verdict, and "must affirm 'if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt.'" *Id.* at 126 (quoting *Tobar v. State,* 740 N.E.2d 109, 111–12 (Ind. 2000)).

To prove possession of methamphetamine as a class B felony, the State was required to prove that Lowe knowingly or intentionally possessed methamphetamine within 1,000 feet of a family housing complex. Lowe claims the State failed to prove that he possessed the methamphetamine found inside the residence. A conviction for possession of contraband may rest upon proof of either actual or constructive possession. *See Britt v. State,* 810 N.E.2d 1077 (Ind. Ct. App. 2004). "Actual possession occurs when the defendant has direct physical control over the item, while constructive possession involves the intent and capability to maintain control over the item even though actual physical control is absent." *Id.* at 1082. Here, the State alleged constructive possession.

Evidence of constructive possession is sufficient where the State proves that the defendant had both the intent and capability to maintain dominion and control over the contraband. *Hardister v. State,* 849 N.E.2d 563 (Ind. 2006). The intent element of constructive possession is shown if the State demonstrates the defendant's knowledge of the presence of the contraband. *Goliday v. State,* 708 N.E.2d 4 (Ind. 1999). This knowledge may be inferred from either the exclusive dominion and control over the

3

premises containing the contraband or, if the control is non-exclusive, evidence of additional circumstances pointing to the defendant's knowledge of the presence of the contraband. *Id.* These additional circumstances may include: (1) incriminating statements by the defendant; (2) attempted flight or furtive gestures; (3) a drug manufacturing setting; (4) proximity of the defendant to the drugs; (5) drugs in plain view; and (6) location of the drugs in close proximity to items owned by the defendant. *Hardister v. State,* 849 N.E.2d 563. The capability element of constructive possession is met when the State shows that the defendant was able to reduce the controlled substance to the defendant's personal possession. *Goliday v. State,* 708 N.E.2d 4. Furthermore, possession of contraband by the defendant need not be exclusive and it can be possessed jointly. *Massey v. State*, 816 N.E.2d 979 (Ind. Ct. App. 2004).

In challenging the sufficiency of the evidence, Lowe acknowledges that the State met its burden to show that he had the capability to maintain dominion and control over the contraband. He contends, however, that the State did not prove the additional element of intent. Lowe points out there was no evidence presented at trial regarding any statements he made, no evidence presented that Lowe was found in close proximity to the methamphetamine, nor was there evidence that Lowe had exclusive dominion and control over the basement bedroom that he shared with his girlfriend, Nikki Ludlow.

We reject Lowe's invitation to reweigh the evidence. The evidence presented at trial established that Lowe stayed at the house three to four nights per week over a period of three months. Lowe's personal belongings were found throughout the basement bedroom. In open view, a baggie of methamphetamine and materials of methamphetamine

4

use, including a dinner plate with white residue, burnt aluminum, and an empty pen shell, were found on a night table inches from the bed.  A pair of Lowe's pants was on the floor immediately next to the table.  On a shelf on the other side of the room, the police found a red tin containing more evidence of methamphetamine use and production and Lowe's expired driver's license.  The State presented sufficient evidence to prove that Lowe had knowledge of the presence of the methamphetamine in the bedroom he shared with Ludlow.  This evidence supports a reasonable inference that Ludlow and Lowe jointly possessed the methamphetamine.

The State presented sufficient evidence that Lowe constructively possessed the drugs.

Judgment affirmed.

VAIDIK, C.J., and MAY, J., concur.