**John Jessie SWAYNIE, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 79S02–0104–CR–194.

Supreme Court of Indiana.

Feb. 8, 2002.

Harry J. Falk, Bower & Falk, Kentland, for Appellant.

---

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, for Appellee.

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

Defendant John Jesse Swaynie was convicted of attempted murder and burglary after kicking in the front door of a family's home and attempting to choke the husband to death. We hold that the Double Jeopardy Clause of the Indiana Constitution does not bar convicting and sentencing defendant for both attempted murder and burglary because they constitute separate criminal transgressions.

### Background

Early in the morning of November 18, 1998, Defendant John Jessie Swaynie kicked in the front door of the home of the family of a woman whom had served as his guardian ad litem during juvenile proceedings in the 1980s. After entering the home, Defendant attacked the woman's husband who had run downstairs to investigate. Defendant pushed the man into the wall and then proceeded to grab and immobilize him from behind. Defendant put his hands around the man's neck and began to strangle him, causing the victim to gasp for air and lose consciousness until a neighbor arrived and was able to free him from Defendant's grasp. While Defendant was strangling the man, he called out to the woman, "I'm killing your husband."

Following a jury trial, Defendant was convicted of Attempted Murder,[1] Burglary,[2] and Confinement.[3] The trial court entered judgment on the attempted mur-

der and burglary verdicts and imposed an aggregate sentence of 70 years. In a memorandum decision, the Court of Appeals affirmed the convictions but vacated the sentence for burglary on grounds that imposing sentences under these circumstances for both attempted murder and burglary violated Defendant's right against double jeopardy as provided by Article I, § 14, of the Indiana Constitution. *Swaynie v. State*, 740 N.E.2d 594 (Ind.Ct.App. 2000) (table). We granted the State's petition to transfer. *Swaynie v. State*, 753 N.E.2d 10 (Ind.2001) (table).

### Discussion

■ Defendant raises two issues in his appeal. In addition to the double jeopardy claim resolved in his favor by the Court of Appeals, he asks that his conviction be reversed on grounds that the trial court committed reversible error when it denied his motion in limine to exclude the woman's testimony regarding information she obtained during the period she acted as Defendant's guardian ad litem. However, Defendant did not object at any time during the woman's testimony regarding information she gained as Defendant's guardian ad litem. Rulings on motions in limine are not final decisions and, therefore, do not preserve errors for appeal. *White v. State*, 687 N.E.2d 178, 179 (Ind. 1997). As a consequence, this issue is not available for review here.

■ As to Defendant's double jeopardy claim, he contends that his convictions and sentencing for attempted murder and burglary violate Indiana's double jeopardy clause. The double jeopardy rule prohibits multiple punishments for the same offense. In *Richardson v. State*, 717 N.E.2d

---

1. Ind.Code § 35–42–1–1 (1998).

2. *Id.* § 35–43–2–1.

3. *Id.* § 35–42–3–3.

32 (Ind.1999), this Court developed a two-part test for determining whether two convictions are permissible under Indiana's double jeopardy clause. *Id.* at 49. A double jeopardy violation occurs when " 'the State . . . proceed[s] against a person twice for the same criminal transgression.' " *Hampton v. State*, 719 N.E.2d 803, 809 (Ind.1999) (quoting *Richardson*, 717 N.E.2d at 49). Under *Richardson*, "two or more offenses are the 'same offense' . . . if, with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Richardson*, 717 N.E.2d at 49. When we look to the actual evidence presented at trial, we will reverse one of the convictions if there is "a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." *Id.* at 53.

In this case, the jury was instructed that in order to convict Defendant of burglary the State was required to prove beyond a reasonable doubt that Defendant (1) knowingly or intentionally, (2) broke into and entered, (3) the victims' home, (4) with the intent to commit a felony, to wit, murder the woman's husband. The Court of Appeals concluded that Defendant's double jeopardy rights were violated because there was a reasonable possibility that the evidence that Defendant strangled the husband was used by the jury to establish both the essential elements of the attempt-ed murder charge and the intent-to-commit-murder element of the burglary charge.

We hold that there is no Indiana double jeopardy violation in these circumstances. The criminal transgression addressed by the proscription on burglary is the breaking into and entering of a building or structure of another person with the intent to commit a felony. Thus, the criminal transgression of burglary is committed by a person intending to commit an underlying felony at the moment the building or structure is broken into and entered. The person's culpability is established at the point of entry regardless of whether the underlying intended felony is ever completed. Indeed, a person who breaks and enters without any intent to commit an underlying felony is not guilty of burglary. Because burglary and the underlying intended felony (if committed) are separate criminal transgressions, *Richardson* does not prohibit conviction and sentencing for both.

At least two of our post-*Richardson* decisions illustrate this point. In *Johnson v. State*, where the same evidence that supported Johnson's murder conviction was also used to elevate Johnson's burglary conviction to a Class A felony, we held that the Class A enhancement was invalid but that this did "not entitle Johnson to escape punishment for the burglary of which he was convicted." 749 N.E.2d 1103, 1108 (Ind.2001).[4] A similar point is made in *Mickens v. State* where Mickens was convicted of both murder and carrying a handgun without a license. Because he

---

4. Compare *McIntire v. State*, 717 N.E.2d 96, 101 (Ind.1999), where McIntire had been convicted of burglary as a Class A felony and criminal recklessness as a Class D felony. Finding that the same infliction of serious bodily injury that justified the Class A enhancement of the burglary conviction also established the essential elements of the criminal recklessness conviction, we elected to vacate the criminal recklessness conviction altogether. However, we could have left both the burglary and criminal recklessness convictions in place by invalidating only the Class A enhancement.

used to handgun to commit the murder, he argued that *Richardson*'s "actual evidence" test prohibited conviction and punishment on both counts. We rejected his claim that he was being punished for the same criminal transgression, noting "[c]arrying the gun along the street was one crime and using it was another." 742 N.E.2d 927, 931 (Ind.2001).

Here, breaking into and entering the victims' home with intent to kill the husband was one criminal transgression and attempting to kill him was another just as in *Johnson* and *Mickens*. Defendant was not entitled to relief under *Richardson*.

### Conclusion

Having previously granted transfer, we affirm the judgment of the trial court.

SHEPARD, C.J., and BOEHM, and RUCKER, JJ., concur.

DICKSON, J., not participating.