**Rasoull ALEXANDER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee.**

No. 49A02–0105–CR–324.

Court of Appeals of Indiana.

July 26, 2002.

David Becsey, Zeigler Cohen & Koch, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION UPON PETITION FOR REHEARING

SULLIVAN, Judge.

The State of Indiana has filed a Petition for Rehearing asserting error in our opinion in *Alexander v. State*, 768 N.E.2d 971 (Ind.Ct.App.2002). In *Alexander*, we held that convictions for unlawful possession of a firearm by a serious violent felon and carrying a handgun without a license violated the actual evidence test of the Indiana double jeopardy analysis. *Id.* at 978. We issue this opinion upon rehearing for the purpose of clarification with regard to the asserted error.

The State contends that Alexander's convictions for unlawful possession of a firearm by a serious violent felon and carrying a handgun without a license do not violate Indiana's prohibition against double jeopardy because each offense requires proof of a unique evidentiary fact. Specifically, the State asserts that to prove possession of a handgun by a serious violent felon, the State must prove in part that Alexander had previously been convicted of a "serious violent felony" and that to prove that Alexander carried a handgun without a license, the State was required to prove in part that Alexander was not in his home or fixed place of business.

In *Alexander*, we considered the *Richardson* actual evidence test and the cases decided thereafter in light of our Supreme Court's recent pronouncement of a clarified actual evidence test in *Spivey v. State*, 761 N.E.2d 831 (Ind.2002). The State suggests that in our opinion we failed to consider two recent decisions of our Supreme Court, *Swaynie v. State*, 762 N.E.2d 112 (Ind.2002) and *Bald v. State*, 766 N.E.2d 1170 (Ind.2002), which allegedly dictate a different result in *Alexander*. Although not mentioned in the opinion, the *Swaynie* and *Bald* decisions did not escape our attention. Thus, we take this opportunity to analyze the *Swaynie* and *Bald* decisions in light of our interpretation of the *Richardson/Spivey* actual evidence test.

In *Swaynie*, the defendant entered the home of the family of a woman who had served as his guardian ad litem during juvenile proceedings. After entering the home, the defendant attacked the woman's husband, strangling him until he lost consciousness. While strangling the woman's husband, the defendant called out to the woman, "I'm killing your husband." 762 N.E.2d at 113. Following a jury trial, the defendant was convicted of attempted murder, burglary, and confinement. The defendant challenged his convictions for attempted murder and burglary on double jeopardy grounds. Our Supreme Court held that because the burglary and the underlying intended felony, i.e. murder, were separate criminal transgressions, the convictions did not violate double jeopardy. *Id.* at 114. From this holding, the State asserts that "it is clear that Indiana's double jeopardy protections do not prevent multiple punishments for the *separate criminal acts*, even if the same piece of evidence proves essential elements of each crime." Petition for Rehearing at 5 (emphasis in original).

Although one might reasonably argue that proof of the intent to commit murder as an element of the burglary charge might also be embraced within the requirement that the actual intent to kill is

an element of attempted murder, proof of that single element of burglary does not prove all of the elements of attempted murder. Each of the two offenses have uncommon elements. The intent to kill is not a lesser included offense under the offense of burglary, nor is the mere intent to kill an included offense of attempted murder. An intent, unless accompanied by a criminal act, is not a crime. Indeed, we note that in the context of the actual evidence test as we interpreted it in *Alexander*, the burglary conviction required proof of the intent to commit murder, not the actual murder itself or even an act constituting a substantial step toward the commission of murder. Thus, there was no reasonable possibility that the jury looked to the same evidentiary facts to convict of the two separate offenses.

In *Bald*, our Supreme Court held that double jeopardy considerations did not preclude convictions for three separate counts of felony murder (one for each of three separate victims who died in a fire set by the defendant) and a conviction for Class A felony Arson requiring proof of an injury to a fourth person who was not killed by the fire.[1] 766 N.E.2d at 1172. The evidentiary facts used to establish felony murder established some, but not all of the elements of the arson offense. To be sure, the proof necessary to establish felony murder did not establish the injury to the fourth person, which was an essential element of the arson offense; nor did the evidentiary facts establishing the arson offense establish the deaths of the other three victims. Thus, the *Bald* Court concluded the convictions did not violate the "*Richardson/Spivey* actual evidence test"

because each conviction required proof of at least one unique evidentiary fact, i.e. separate victims for each crime.[2] *Bald*, 766 N.E.2d at 1172.

We thus reiterate our holding in *Alexander*, that the *Richardson* actual evidence test, as applied by our Supreme Court, has found double jeopardy to be violated where the evidentiary fact(s) establishing one or more elements of one challenged offense establish all of the elements of the second challenged offense. For there to be a double jeopardy violation it is not required that the evidentiary facts establishing *all* of the elements of one challenged offense also establish *all* of the essential elements of a second challenged offense. To be sure, if such is the case, double jeopardy has been violated, but that scenario is not the only situation in which double jeopardy prohibitions exist. Both of the offenses being analyzed for double jeopardy purposes must be viewed in the context of the other offense. If the evidentiary facts establishing any one or more elements of one of the challenged offenses establishes the essential elements of the second challenged offense, double jeopardy considerations prohibit multiple convictions.

In analyzing a double jeopardy claim under the actual evidence test, we must look to the actual evidence presented to the trier of fact, not proof of the elements themselves. In the present case, the State relied upon a charging information written in general terms and prosecuted the case in a broad, non-specific manner. To convict Alexander of unlawful possession of a firearm by a serious violent felon, the State presented evidence that

---

1. The Supreme Court observed that the trial court, presumably correctly, concluded that three of the original arson charges alleging injury to the murder victims could not coexist with the felony murder convictions, leaving only the fourth arson count involving the

fourth injured, but not deceased victim. *Bald*, 766 N.E.2d at 1172.

2. The Court further recognized that such "separate victim". scenarios do not invoke double jeopardy concerns. *Id.* at 1172 n. 4.

Alexander was a serious violent felon. The State also presented evidence that while a passenger in a car parked along the side of the street, Alexander was in constructive possession of a firearm. The State used these same evidentiary facts, that Alexander was in a car along the side of the street, and thus not on his property or principal place of business, and that a handgun was beside him on the seat of the car, to establish that Alexander carried a handgun without a license. The State did not distinguish between the evidence it used to support each conviction, thus leading us to conclude that there was a reasonable possibility that the trier of fact used the same evidence to support both convictions. This violates the actual evidence prong of our double jeopardy analysis, and therefore, the convictions cannot stand.

Subject to the above clarification, our earlier opinion is hereby affirmed.

KIRSCH, J., and ROBB, J., concur.