ATTORNEY FOR APPELLANT
Kenneth R. Martin
Goshen, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 20S03-0612-CR-529

CHAD E. STRONG,                          *Appellant (Defendant below),*

v.

STATE OF INDIANA,                      *Appellee (Plaintiff below).*

Appeal from the Elkhart Superior Court, No. 20D03-0407-FA-125
The Honorable George W. Biddlecome, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 20A03-0602-CR-69

**July 24, 2007**

**Dickson, Justice.**

In this case, the State acknowledges the defendant's claim that his two convictions violate double jeopardy principles, but the parties disagree on the proper remedy.

The defendant, Chad E. Strong, was convicted for the murder of his girlfriend's three-year-old daughter and neglect of a dependent resulting in the same child's death, as a class A felony. He was sentenced to consecutive terms of sixty-five years for murder and fifty years for class A felony neglect. His direct appeal raises issues of prosecutorial misconduct, admission of autopsy photographs, double jeopardy, and sentence appropriateness. By memorandum decision, the Court of Appeals rejected all his claims except double jeopardy, on which the court re-

manded with instructions to reduce the defendant's class A felony neglect conviction to a class B felony and to impose twenty years thereon, to be served consecutive to his murder sentence. The defendant asserts that this reduction fails to cure the double jeopardy violation.

As to his claim of double jeopardy, the defendant's appeal contends that his conviction of neglect of a dependant was elevated to a class A felony based upon the same bodily injury that formed the basis of his murder conviction. To resolve the claimed double jeopardy violation, the defendant requests that one of the two offending convictions be reduced to a less serious form. The State acknowledges that the "convictions for murder and neglect of a dependent causing death may violate double jeopardy principles because they are premised on the same death," Appellee's Br. at 13, and urges a remedy reducing the neglect conviction from a class A to a class B felony.

Under the rules of statutory construction and common law that constitute one aspect of Indiana's double jeopardy jurisprudence, where one conviction "is elevated to a class A felony based on the same bodily injury that forms the basis of [another] conviction, the two cannot stand." Pierce v. State, 761 N.E.2d 826, 830 (Ind. 2002) (citing Richardson v. State, 717 N.E.2d at 55 (Sullivan, J., concurring), 57 (Boehm, J., concurring in result)). This circumstance was articulated in Justice Sullivan's concurring opinion in Richardson as the "[c]onviction and punishment for an enhancement of a crime where the enhancement is imposed for the very same behavior *or harm* as another crime for which the defendant has been convicted and punished." Richardson, 717 N.E.2d at 56 (emphasis added). To remedy a double jeopardy violation, a court may reduce the sentencing classification on one of the offending convictions. *See, e.g.*, Logan v. State, 729 N.E.2d 125, 137 (Ind. 2000); Richardson, 717 N.E.2d at 54.

The murder count charged that the defendant knowingly killed Taranova Glick. The count charging neglect of a dependant resulting in death, as a class A felony, alleged that the defendant, who had care of three-year-old Taranova Glick as a dependant, knowingly placed her "in a situation endangering her life or health," allowing her "to languish and suffer without medical treatment knowing she had been gravely injured, all of which resulted in the death of Taranova Glick." Appellant's App'x at 14A. The offense of neglect of a dependant, absent a re-

sulting injury, is defined as a class D felony. Ind. Code § 35-46-1-4(a). But it is a class C felony when it "results in bodily injury" or "consists of cruel or unusual confinement or abandonment," a class B felony when it "results in *serious* bodily injury," and a class A felony when it "results in the death of a dependent who is less than fourteen (14) years of age." Ind. Code §§ 35-46-1-4(b)(1)–4(b)(4) (emphasis added).

Recognizing that the defendant's convictions "may violate double jeopardy principles because they are premised on the same death," Appellee's Br. at 13, the State asserts that the violation may be adequately addressed by reducing the neglect count from a class A to a class B felony. It argues that the murder and neglect convictions "were based on two completely different sets of actions as the murder happened when [d]efendant placed his knee into Taranova's abdomen and the neglect happened thereafter when he did not seek medical attention." *Id.* at 14.

Such a recharacterization of the charges, however, does not eliminate the fact that both charged offenses would still be based on the same bodily injury. The injuries urged to support the "serious bodily injury" necessary for class B neglect are the same injuries, the same harm, that resulted in the child's death and are the basis of the murder charge. Addressing the double jeopardy violation on appeal by changing the resulting harm from "death" to "serious bodily injury" or "bodily injury," does not change the fact that the charge of neglect of a dependent is predicated in this case on the same bodily injury on which the murder charge is based. For this reason, appellate modification of the conviction for neglect of a dependent from a class A offense to a class B or class C offense is insufficient to remedy the double jeopardy violation. Only when deemed a class D offense, which does not include any element of bodily injury, does the conviction of neglect of a dependent satisfy the common law/statutory construction aspect of Indiana's double jeopardy jurisprudence.

The trial court found the sentencing factors warranted the imposition of maximum, consecutive sentences for murder and class A felony neglect. We likewise conclude that for his revised conviction of class D felony neglect, the appropriate sentence is the maximum authorized sentence, three years, to be served consecutively with the sentence for murder. *See* Pierce, 761 N.E.2d at 830 n.5; Cutter v. State, 725 N.E.2d 401, 410 n.4 (Ind. 2000). As to the issues other

than double jeopardy, we summarily affirm the decision of the Court of Appeals.  Ind. Appellate Rule 58(A).

The defendant's conviction and sentence for murder is affirmed.  But we remand to the trial court to reduce the conviction for neglect of a dependant from a class A felony to a class D felony, for which the sentence shall be a term of three years, to be served consecutively to the sentence for murder.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.