**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 26 2014, 6:58 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**STANLEY L. CAMPBELL**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SHAWN P. ENGLISH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1311-CR-457 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D06-1306-FD-697

**June 26, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Shawn English appeals his convictions for Class D felony resisting law enforcement and Class D felony battery. We affirm and remand.

## Issue

English raises one issue, which we restate as whether his convictions violate double jeopardy principles because the same bodily injury was used to elevate both offenses.

## Facts

On June 15, 2013, a Fort Wayne police officer responded to a complaint about a man in a parking lot yelling and screaming. The man, later identified as English, would not calm down and continued to yell and scream. The police officer encouraged English to walk away. Although English finally started to walk away, he stopped and began shaking a "No Parking" sign until he broke the post. English threw the sign toward the officer. Ex. 1.

The officer called for backup, and Officer Darrell Caudill of the Fort Wayne Police Department arrived at the scene. English repeatedly refused to follow the officers' instructions and physically struggled with Officer Caudill as he tried to restrain English. After tasing English, the officers were able to get him into the back of squad car, and Officer Caudill transported English to a hospital. As Officer Caudill was getting English out of the squad car, English hit Officer Caudill on the head with his own head, and Officer Caudill "saw stars." Tr. p. 26. English was eventually restrained and taken into the hospital.

On June 20, 2013, the State charged English with Class D felony resisting law enforcement, Class D felony battery, Class B misdemeanor criminal mischief, and Class B misdemeanor disorderly conduct. Both Class D felony charges were based on the bodily injury caused to Officer Caudill. At the bench trial, Officer Caudill testified that the battery and the injury during the resisting were based on the same blow to the head. The trial court found English guilty as charged.[1] English was sentenced to three years on each of the Class D felonies and to 180 days on each of the Class B misdemeanors. The trial court ordered the sentences to be served concurrently. English now challenges the Class D felony convictions.

### Analysis

English argues it was improper to elevate both the resisting law enforcement charge and the battery charge to Class D felonies based on the same bodily injury to Officer Caudill, and the State agrees. Our supreme court has acknowledged a series of rules of statutory construction and common law that are often described as double jeopardy but are not governed by the constitutional test set forth in Richardson v. State, 717 N.E.2d 32 (Ind. 1999). Pierce v. State, 761 N.E.2d 826, 830 (Ind. 2002). This includes the prohibition against elevating two convictions for the same bodily injury. See id. "To remedy a double jeopardy violation, a court may reduce the sentencing classification on one of the offending convictions." Strong v. State, 870 N.E.2d 442, 443

---

[1] The written judgment of conviction refers to two counts of Class D felony resisting law enforcement instead of one count of Class D felony resisting law enforcement and one count of Class D felony battery.

(Ind. 2007). The State contends that to remedy the double jeopardy violation the resisting law enforcement conviction should be reduced to a Class A misdemeanor, and we agree.[2]

## Conclusion

Because the same bodily injury was used to elevate the resisting law enforcement and battery charges to Class D felonies, we remand for the trial court to reduce the Class D felony resisting law enforcement conviction to Class A misdemeanor resisting law enforcement.

Affirmed and remanded.

BAKER, J., and CRONE, J., concur.

---

[2] Because the three-year sentences were ordered to be served concurrently, it is unnecessary to remand for resentencing.