## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James D. Sowder,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | July 15, 2015<br><br>Court of Appeals Case No.<br>40A05-1409-CR-454<br><br>Appeal from the Jennings Circuit Court<br><br>The Honorable Jon W. Webster, Judge<br><br>Case No. 40C01-1208-MR-1 |

**Crone, Judge.**

## Case Summary

[1] James D. Sowder appeals the trial court's judgment following his convictions and seventy-year aggregate sentence for class A felony voluntary manslaughter, class A felony burglary, class C felony intimidation, class D felony criminal

recklessness, and class A misdemeanor carrying a handgun without a license. We address five issues presented for our review: (1) whether the State presented sufficient evidence to support Sowder's burglary conviction; (2) whether his burglary conviction violates principles of double jeopardy because he was acquitted of residential entry; (3) whether his burglary conviction violates double jeopardy principles because the same evidence used to enhance the conviction to a class A felony was used to support the criminal recklessness conviction; (4) whether the trial court abused its discretion in considering an aggravating factor at sentencing; and (5) whether his sentence is inappropriate in light of the nature of the offenses and his character. We conclude as follows: (1) the evidence presented was sufficient; (2) the first double jeopardy argument is an impermissible claim of inconsistent jury verdicts; (3) the burglary enhancement violates double jeopardy principles vis-à-vis the criminal recklessness conviction; (4) the trial court did not abuse its discretion; and (5) Sowder failed to show that his sentence is inappropriate. Therefore, we vacate his criminal recklessness conviction on double jeopardy grounds, but affirm his remaining convictions and sentence.

## Facts and Procedural History

[2] Sowder and his ex-wife, Candice Sowder, had been divorced since 2001 but maintained an on-again, off-again relationship in the years that followed. In July of 2012, Sowder was living in Seymour, Jackson County, and Candice was living in North Vernon, Jennings County. Candice's adult daughter, Regina

Johnson, and Regina's boyfriend, John Charles, lived with Candice. Sowder still had strong feelings for Candice, including jealousy.

[3] On July 25, 2012, Sowder received an explicit text message from Candice's phone describing Candice's sexual encounters with Regina's boyfriend, John. Although the text was sent from Candice's phone, it was actually authored and sent by Regina. On July 29, 2012, Sowder was still upset by the text and called his brother, Lester Sowder, to vent. Sowder accused Regina of sending the text and said that he should kill Candice. Lester told Sowder to move on, and from that point Sowder considered himself split up from Candice.

[4] Meanwhile, Candice had invited her grandson, Josh Johnson, and Josh's four friends over to swim and have drinks by her pool. Candice, Josh, and Josh's friends left the house after dinner and drove to visit a friend of Candice. Regina and John stayed at home and went to sleep in their shared bedroom. Shortly thereafter, Sowder walked into Regina and John's bedroom demanding to know Candice's whereabouts. Sowder had driven from his house in Seymour to Candice's house in North Vernon and entered the house uninvited, without a key. Sowder punched Regina in the face, and in retaliation, John picked up a lamp and swung it at Sowder. Sowder repeatedly said, "[I]t all ends tonight." Tr. at 529. Sowder struck Regina two more times before leaving the bedroom. Once he exited, John called 911.

[5] Shortly thereafter, Candice, Josh, and Josh's friends returned to the house and pulled into the driveway. When Candice saw Sowder's vehicle parked at her

house, she wondered aloud why he was there and said that he needed to leave. Candice encountered Sowder on her front deck and told him to "get the f\*\*k out of here." *Id*. at 440. Sowder walked past Candice to his vehicle and retrieved a handgun. He walked back up to the deck with his gun and said, "[T]his all ends tonight, mother f\*\*kers." *Id*. at 463, 481, 514. Candice opened the front door of the house, and Sowder immediately grabbed her and pulled her back onto the deck. Sowder held his gun to Candice's head and pulled the trigger, killing her.

[6] Sowder then re-entered the house and rammed against Regina and John's bedroom door, which they were bracing to hold shut. Sowder broke the door off its hinges and entered the bedroom. He told Regina that he had killed her mother and was going to kill her next. Sowder raised his gun to Regina's face and fired. The bullet grazed Regina's skull, and she fell to the floor, bleeding. Sowder left the house, and police stopped his vehicle nearby. A .38 caliber revolver was found on the front passenger seat. Police found Candice's body on the front deck of her home. Regina was admitted to an Indianapolis hospital for observation, and while the gunshot wound did cause bodily injury, her treating physician reported that it did not cause a substantial risk of death.

[7] The State charged Sowder with the murder of Candice, class A felony attempted murder of Regina, class B felony aggravated battery of Regina, class A felony burglary resulting in bodily injury to Regina, class D felony residential entry, class C felony intimidation of Regina, class C felony intimidation of John, class A misdemeanor criminal trespass, and class A misdemeanor

carrying a handgun without a license. The trial court granted Sowder's motion for directed verdict and dismissed the aggravated battery charge on grounds of insufficient evidence. The jury convicted Sowder of class A felony voluntary manslaughter as a lesser included offense of murder; class D felony criminal recklessness while armed with a deadly weapon as a lesser included offense of attempted murder; class A felony burglary resulting in bodily injury; class C felony intimidation of Regina; and class A misdemeanor carrying a handgun without a license. The jury found Sowder not guilty of class D felony residential entry and class C felony intimidation of John. The trial court vacated the jury's guilty verdict for criminal trespass due to double jeopardy concerns vis-à-vis the burglary conviction.

[8] Sowder was sentenced to thirty-five years for voluntary manslaughter, a consecutive term of thirty-five years for burglary, and concurrent terms of six years for intimidation, two and one-half years for criminal recklessness, and one year for carrying a handgun without a license, resulting in an aggregate seventy-year sentence. This appeal ensued.

## Discussion and Decision

## Section 1— The State presented sufficient evidence to support Sowder's burglary conviction because it was not required to prove the completion of the underlying felonies.

[9] Burglary is the breaking and entering of a building or structure of another person with the intent to commit a specific felony therein. Ind. Code § 35-43-2-1 (2012). The State alleged that Sowder committed burglary by breaking and

entering Candice's house with the intent to commit aggravated battery or murder upon Regina. Appellant's App. at 36. Sowder argues that because the State failed to prove that he committed aggravated battery or murder upon Regina, there was insufficient evidence to convict him of burglary. Sowder's argument misunderstands Indiana law. The burglary statute requires an *intent* to commit a specific underlying felony. It does not require actual completion of the underlying felony. *See Swaynie v. State*, 762 N.E.2d 112, 114 (Ind. 2002) (holding that burglary is a separate offense from the predicate intended felony). "The person's culpability is established at the point of entry regardless of whether the underlying intended felony is ever completed." *Id.*

[10] When reviewing the sufficiency of the evidence to support a conviction, we examine only the probative evidence and reasonable inferences that support the verdict. *Morgan v. State*, 22 N.E.3d 570, 573 (Ind. 2014). We do not assess witness credibility or reweigh evidence. *Id.* Rather, we consider only the evidence most favorable to the verdict and will affirm the conviction unless no reasonable factfinder could find the elements of the crime proven beyond a reasonable doubt. *Id.*

[11] To sustain a conviction for burglary, the State needed to prove that Sowder broke and entered Regina's house with the *intent* to commit the felonies of murder or aggravated battery against her. The State did not need to prove that Sowder killed Regina, that he attempted to kill her, or that she suffered a degree of injury rising to the level of aggravated battery. The evidence that Sowder, after killing Candice, re-entered the house while armed, threatened to kill

Regina, and then fired his gun at her head is sufficient to support his burglary conviction. The jury could reasonably infer from this evidence that Sowder re-entered the house with his gun because he intended, at the moment of entry, to commit murder or aggravated battery against Regina.

## Section 2— Sowder's claim that his burglary conviction violates double jeopardy principles because he was acquitted of residential entry is really an impermissible claim of inconsistent jury verdicts.

[12] A person who knowingly or intentionally breaks and enters the dwelling of another person commits residential entry. Ind. Code § 35-43-2-1.5. Sowder asserts that his acquittal of residential entry requires that his burglary conviction be vacated on double jeopardy grounds. We agree with the State that Sowder's argument is really an impermissible claim of inconsistent jury verdicts.[1] Jury verdicts in criminal cases are not subject to appellate review on grounds that they are inconsistent, contradictory, or irreconcilable. *Beattie v. State*, 924 N.E.2d 643, 649 (Ind. 2010). A "'criminal defendant convicted by a jury on one count [cannot] attack that conviction because it was inconsistent with the jury's verdict of acquittal on another count.'" *Id.* at 645 (quoting *United States v. Powell*, 469 U.S. 57, 58 (1984)).

---

[1] We are unpersuaded by Sowder's reliance on *Garrett v. State*, 992 N.E.2d 710, 720 (Ind. 2013), which involved "acquittal on one offense and retrial on another offense," not an acquittal on one offense and a conviction on another offense, which happened in this case.

In *Beattie*, the defendant was convicted of possession of cocaine within 1000 feet of a family housing complex yet acquitted of possession of cocaine. *Id.* at 644. Our supreme court held that the jury's acquittal on the lesser included charge did not require the vacation of the jury's guilty verdict on the greater charge. *Id.* at 649. Similarly, the jury's acquittal on the lesser included charge of residential entry in this case does not require the vacation of the jury's verdict on the greater charge of burglary.

## Section 3—The enhancement of Sowder's burglary conviction violates double jeopardy principles because the same evidence used to enhance the conviction was used to support the criminal recklessness conviction.

Sowder's second double jeopardy argument asserts that enhancing his burglary conviction to a class A felony violated double jeopardy principles because the same facts were used to support his criminal recklessness conviction.[2] The punishment classification of certain crimes may be enhanced if the behavior which constitutes the crime is accompanied by certain specified additional behavior or causes certain specified additional harm. *McCann v. State*, 854 N.E.2d 905, 914 (Ind. Ct. App. 2006). In situations where a defendant has been convicted of one crime for engaging in the specified additional behavior or

---

[2] The State asserts that Sowder waived this argument because he did not "develop or clarify the legal basis for his argument" and thus "failed to make a cogent argument as required by Ind. Appellate Rule 46(A)(8)(a)." Appellee's Br. at 14 n. 9. The State's argument is well taken, but we prefer to address arguments on the merits and exercise our discretion to do so here.

causing the specified additional harm, that behavior or harm cannot also be used as an enhancement of a separate crime. *Id*.

> When two convictions are found to contravene double jeopardy principles, a reviewing court may remedy the violation by reducing either conviction to a less serious form of the same offense if doing so will eliminate the violation. In the alternative, a reviewing court may vacate one of the convictions to eliminate a double jeopardy violation. In making that determination, we must be mindful of the penal consequences that the trial court found appropriate.

*Id.* at 915.

[15] In *McCann*, we found that the enhancement of a burglary conviction was improper where the defendant was convicted of A felony burglary, enhanced due to shooting the victim, and attempted murder, wherein an essential element was shooting the victim. *Id*. at 912. We held that because the same evidence was used to support the conviction for attempted murder and the enhancement of the burglary conviction, the enhancement should not stand. *Id.* at 914.

[16] Here, Sowder was convicted of burglary and criminal recklessness. A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits class C felony burglary. Ind. Code § 35-43-2-1. Burglary may be enhanced to a class B felony if it is committed while armed with a deadly weapon and to a class A felony if it results in bodily injury or serious bodily injury to any person other than the defendant. *Id*. A person who recklessly, knowingly, or intentionally performs an act that creates a substantial risk of bodily injury to another person commits class B misdemeanor criminal

recklessness, which may be enhanced to a class D felony if it is committed while armed with a deadly weapon. Ind. Code § 35-42-2-2.

[17] In this case, the class D felony criminal recklessness conviction rests on the evidence that Sowder recklessly, knowingly, or intentionally performed an act that created a substantial risk of bodily injury to Regina, namely shooting her, while armed with a deadly weapon. The class A felony burglary conviction rests on the evidence that Sowder broke and entered Candice's home with the intent to commit a felony which resulted in bodily injury or serious bodily injury to Regina, namely her gunshot wound. As such, we are presented with a double jeopardy violation.

[18] While it is typical for this Court to reduce the enhancement where there is a double jeopardy issue of this nature, we must be mindful of the penal consequences that the trial court found appropriate. *McCann*, 854 N.E.2d at 915. Given the trial court's determination that Sowder's actions merit a seventy-year sentence, we elect to vacate the criminal recklessness conviction to eliminate the double jeopardy violation. [3]

---

[3] We note that reducing the burglary conviction to a class B felony would not cure the double jeopardy violation because an essential element of that offense is "armed with a deadly weapon," which is also an essential element of class D felony criminal recklessness. And reducing the burglary conviction to a class C felony would reduce Sowder's sentence far below its current seventy years. *See* Ind. Code § 35-50-2-6 (setting sentencing range for a class C felony between two and eight years).

## Section 4 — The trial court did not abuse its discretion in considering an aggravating factor at sentencing.

[19] Sowder claims that the trial court abused its discretion by expressing "disagreement with the jury's verdict" in convicting him of voluntary manslaughter instead of murder as a reason for imposing a more stringent sentence. Appellant's Br. at 18. "[S]entencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. An abuse of discretion may occur if the court: (1) fails to enter a sentencing statement, (2) enters a sentencing statement that explains reasons for imposing the sentence but the record does not support the reasons, (3) the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or (4) the reasons given are improper as a matter of law. *Kimbrough v. State*, 979 N.E.2d 625, 628 (Ind. 2012). An abuse of discretion is shown only where the trial court's decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom*." Anglemyer*, 868 N.E.2d at 490.

[20] In the sentencing order, the trial court found as an aggravating factor that Sowder "had ample time to reflect on his actions before carrying through with the commission of these crimes." Appellant's App. at 216. The trial court did not explicitly say that it disagreed with the jury's verdict, thus there is no basis to conclude that the court used Sowder's murder charge as an aggravating

factor. Even giving due deference to the jury's decision that Sowder acted in sudden heat when he killed Candice, it was a valid aggravator for the remaining crimes that he had time to consider his actions beforehand. *See Bustamante v. State*, 557 N.E.2d 1313, 1322 (Ind. 1990) (holding that an inference of planning or premeditation constitutes a valid aggravator). One may reasonably infer that Sowder planned to break into Candice's house. He drove from his house in Seymour to Candice's house in North Vernon, he was not invited over, and he did not have a key. He carried a gun in his vehicle. During the drive from Seymour to North Vernon, Sowder had time to cool off. Absent an explicit statement of disagreement with the jury's verdict, Sowder has failed to show that the court abused its discretion.

## Section 5— Sowder has failed to establish that his sentence is inappropriate.

Sowder argues that his seventy-year sentence is inappropriate in light of the nature of the offense and his character. This "Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). Whether the reviewing court regards a sentence as inappropriate turns on a "sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). This Court "must give 'deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give due

consideration to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions.”’ *Gil v. State*, 988 N.E.2d 1231, 1237 (Ind. Ct. App. 2013) (quoting *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007)). The defendant bears the burden of persuading this Court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). The defendant bears the burden of showing both prongs of the inquiry—the nature of the offense and the character of the defendant—favor revision of his sentence. *Anderson v. State*, 989 N.E.2d 823, 827 (Ind. Ct. App. 2013), *trans. denied*.

[22]     Sowder first argues that there was nothing in the record tending to show that the nature of the offenses exceeded the statutory proscription. The advisory sentence is only “the starting point the Legislature has selected as an appropriate sentence for the crime committed.” *Anglemyer*, 868 N.E.2d at 494. A person who commits a class A felony “shall be imprisoned for a fixed term of between twenty and fifty years with the advisory sentence being thirty years.” Ind. Code § 35-50-2-4. Sowder was sentenced to thirty-five years for class A felony voluntary manslaughter and a consecutive term of thirty-five years for class A felony burglary, with concurrent sentences on the remaining counts.

[23]    Sowder committed voluntary manslaughter by knowingly or intentionally killing Candice while acting under sudden heat by means of a deadly weapon. Ind. Code § 35-42-1-3. Additionally, he committed burglary by breaking and entering the home of Candice and Regina with the intent to commit murder or aggravated battery on Regina, which resulted in bodily injury to her when he

shot her. Ind. Code § 35-43-2-1. In light of the senselessness and brutality of these crimes, in which Sowder shot his victims in the head at point-blank range, a sentence only five years in excess of the advisory for each of these crimes is certainly reasonable. Ordering the sentences for voluntary manslaughter and burglary to be served consecutively is not inappropriate because multiple victims justify the imposition of consecutive sentences. *Gleaves v. State*, 859 N.E.2d 766, 772 (Ind. Ct. App. 2007).

[24] Regarding his character, Sowder argues that his criminal history was "minor and remote," rendering his sentence inappropriate. Appellant's Br. at 9. We disagree. Sowder has an extensive history of domestic violence against Candice, including two prior convictions for battery upon her; at least one admitted incident of uncharged battery upon her; and eight prior misdemeanor convictions. He threatened in the past to kill Candice, and we now see that those threats were credible. Despite some evidence of provocation by Regina in sending the text message, Sowder's killing of Candice was the culmination of years of domestic violence committed against her. Sowder also could have killed Regina when he shot her in the head. His behavior displayed in these crimes further reflects his poor character. Thus, Sowder has failed to show that both the nature of the offenses and his character render his sentence inappropriate. Consequently, we affirm his sentence and convictions with the exception of the criminal recklessness conviction, which we vacate.

Affirmed in part and vacated in part.

Brown, J., and Pyle, J., concur.