## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 03 2016, 8:24 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Patricia Caress McMath
Marion County Public
Defender Agency

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Calvin Griffin,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 3, 2016

Court of Appeals Case No.
49A02-1512-CR-2261

Appeal from the Marion Superior
Court 17

The Honorable Christina R.
Klineman, Judge

Trial Court Cause No.
49G17-1510-F5-35537

**Mathias, Judge.**

[1]　Calvin Griffin ("Griffin") was convicted in Marion Superior Court of Level 5 felony criminal confinement resulting in bodily injury and Class A

misdemeanor battery resulting in bodily injury. Griffin appeals and claims that his convictions constitute impermissible double jeopardy. Concluding that Griffin's convictions for criminal confinement and battery are based on different evidentiary facts but that both convictions were improperly elevated based on the same bodily injury, we vacate Griffin's conviction for Class A misdemeanor battery resulting in bodily injury and reduce his battery conviction to Class B misdemeanor battery.

## Facts and Procedural History

[2] At the time relevant to this appeal, Griffin's girlfriend, T.M., had recently ended her relationship with Griffin. On the morning of October 6, 2015, T.M. left her home, where she lived with her mother, and began to drive to work. As she was driving in her neighborhood, a man jumped out in front of her car. When she realized the man was Griffin, she began to drive back home. However, before T.M. arrived, Griffin opened the back door of the car and entered the back seat. T.M. jumped out of the car and yelled for help. She ran to the door of her home and banged on the door to wake her mother.

[3] Before T.M.'s mother could come to the door, Griffin, who had since gotten out of the car, came up behind T.M., grabbed her, and put his hand over her mouth. He told T.M. that he would "f**king kill [her] if [she] screamed." Tr. p. 21. Griffin twisted T.M.'s neck as he confined her, which caused her pain, as did his action of holding her tightly around the waist. Griffin pulled T.M. toward the end of the garage, then grabbed her arm and pushed her back toward her car, telling her to "run." Tr. p. 23. T.M. then saw another man

outside, broke free of Griffin, and ran to this man for help. Griffin then fled the scene. Griffin was later apprehended and told the police where to find T.M.'s car keys.

[4] On October 8, 2015, the State charged Griffin with Level 5 felony criminal confinement resulting in bodily injury, Level 5 felony kidnapping resulting in bodily injury, Level 6 felony intimidation, and Class A misdemeanor battery resulting in bodily injury. A bench trial was held on November 17, 2015, at the conclusion of which the trial court found Griffin guilty as charged. At a sentencing hearing held on December 1, 2015, the trial court vacated Griffin's conviction for kidnapping on double jeopardy grounds. The trial court then sentenced Griffin to concurrent sentences of three years on the confinement and intimidation charges, to be served as two years on work release and one year on probation. The trial court also sentenced Griffin to a concurrent term of one year to be served on work release on the battery charge. Griffin now appeals.

## Discussion and Decision

[5] Griffin argues on appeal that his convictions for both confinement and battery are based on the same evidence and therefore constitute double jeopardy under the *Richardson* actual evidence test.

[6] Article 1, Section 14 of the Indiana Constitution provides, "No person shall be put in jeopardy twice for the same offense." We analyze alleged violations of Indiana's Double Jeopardy Clause pursuant to our supreme court's opinion in *Richardson v. State*, 717 N.E.2d 32 (Ind. 1999). In *Richardson*, our supreme court

held that two or more offenses are the "same offense" in violation of Article 1, Section 14 of the Indiana Constitution, "if, with respect to *either* the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." 717 N.E.2d at 49 (emphasis in original). Under the "actual evidence" test, a defendant must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish all of the essential elements of a second challenged offense. *Id*. at 53.

[7] Application of this test requires the court to identify the essential elements of each of the challenged crimes and to evaluate the evidence from the perspective of the trier of fact. *Singh v. State*, 40 N.E.3d 981, 986 (Ind. Ct. App. 2015), *trans. denied* (citing *Lee v. State*, 892 N.E.2d 1231, 1234 (Ind. 2008)). We therefore consider the essential elements of the offenses, the charging information, the jury instructions, the evidence, and the arguments of counsel. *Id*. The term "reasonable possibility" turns on a practical assessment of whether the trier of fact may have latched on to exactly the same facts for both convictions. *Id*. On appeal, we review the trial court's legal conclusion regarding whether convictions and sentences violate double jeopardy principles *de novo*. *Id*. (citing *Sloan v. State*, 947 N.E.2d 917, 920 (Ind. 2011)).

[8] We further note that the present case was tried before the trial court, not a jury. In the absence of any indication to the contrary, we presume that the trial court knows and follows the applicable law. *State v. Glasscock*, 759 N.E.2d 1170, 1174

(Ind. Ct. App. 2001) (citing *Moran v. State*, 622 N.E.2d 157, 159 (Ind. 1993)). This includes the law of double jeopardy. *See Alexander v. State*, 768 N.E.2d 971, 977-78 (Ind. Ct. App. 2002), *aff'd on reh'g*, 772 N.E.2d 476, *trans. denied* (concluding that presumption that trial court followed applicable double jeopardy law was rebutted, where, among other things, trial court's statements indicated it had relied on the same evidence to sustain two convictions).

[9] Here, the State charged Griffin with battery as knowingly touching T.M. in a rude, insolent, or angry manner resulting in pain in her mouth, neck, or ribcage. Appellant's App. p. 22; *see also* Ind. Code § 35-42-2-1(b), (c) ("[A] person who knowingly or intentionally . . . touches another person in a rude, insolent, or angry manner . . . commits battery," which is a "Class A misdemeanor if it results in bodily injury to any another person.").

[10] The State charged Griffin with criminal confinement as knowingly confining T.M. without her consent, resulting in pain to her ribcage. Appellant's App. p. 21; *see also* Ind. Code § 35-42-3-3(a), (b)(1)(C) ("A person who knowingly or intentionally confines another person without the other person's consent commits criminal confinement," which is a Level 5 felony if "it results in bodily injury to a person other than the confining person.").

[11] To support these charges, the State presented evidence that Griffin came up from behind T.M., grabbed her around the waist, and placed his hand over her mouth, twisting her neck in the process and causing her pain. *See* Tr. pp. 21-22. T.M. was unable to free herself from Griffin. The State also presented evidence

that, after Griffin had grabbed T.M. from behind, he then grabbed her arm and forcibly pushed her toward her car. Either of these acts, the initial grabbing from behind or the grabbing of the arm and pushing, could have supported either charge, battery or confinement.

[12] However, it is not entirely clear from the charging information or the prosecuting attorney's closing argument which evidence supported which charge. The charging information alleged that both the confinement and battery charges resulted in the same pain to T.M.'s ribcage but alleged that alternatively the battery also caused pain to her mouth or neck. Also, the State made little effort at trial to distinguish which acts constituted the battery and which acts constituted the confinement. *See* Tr. p. 53-55.[1]

[13] Had this case been tried to a jury, we might conclude it was a reasonable possibility that the jury used the same evidentiary facts to establish the essential elements of both offenses. *See Hines v. State*, 30 N.E.3d 1216,1225 (Ind. 2015) (concluding it was a reasonable possibility that the same evidence used by the jury to establish the essential elements of battery was also included among the evidence used to establish the essential elements of criminal confinement).

[14] As noted above, however, this case was tried before the bench, and we presume that trial courts know and follow the applicable law. *Glasscock*, 759 N.E.2d at

---

[1] The prosecuting attorney attempted to distinguish the pain caused by the battery and the pain caused by the confinement but never actually explained which act supported which charge. Tr. pp. 53-55.

1174. Here, the evidence that best supports the charge of criminal confinement is Griffin's act of grabbing T.M. from behind and telling her not to scream, as T.M. was unable to free herself from Griffin. *See* Tr. p. 22 (in response to question, "once he had grabbed you and he told you he was going to kill you if you screamed, w[ere] you able to get away from him at that point?" victim answered, "No."). The evidence that Griffin grabbed the victim's arm and pushed her toward her car supports the charge that Griffin touched her in a rude, insolent, or angry manner. We therefore reject Griffin's argument to the extent that he claims his convictions for both battery and criminal confinement were based on the same evidence. Separate acts support each charge, and we will not presume that the trial court based its findings on the same evidence.

[15] However, Griffin also argues that his convictions for criminal confinement and battery constitute double jeopardy because both convictions were elevated based on the same evidence of bodily injury. We agree. As noted above, the State alleged that the bodily injury resulting from the battery was pain in T.M.'s mouth, neck, or ribcage; the State alleged that the bodily injury resulting from the confinement was pain to T.M.'s ribcage. *See* Ind. Code § 35-31.5-2-29 (defining bodily injury as "any impairment of physical condition, including physical pain."); *Bailey v. State*, 979 N.E.2d 133, 135-36 (Ind. 2012) (holding that any degree of physical pain may constitute bodily injury).

[16] At trial, T.M. testified that she suffered from physical pain, but only as a result of Griffin grabbing her from behind and twisting her neck, which she explained caused a cut on her lip and a bruise on her waist. Tr. p. 22. Although the State

argued in its closing statement that it was the "pulling that cause[d] the pain and the force necessary to cause the bruise" on the victim's waist (Tr. p. 53), T.M. never testified that Griffin pulled her by her waist or that the act of pushing her toward her car caused her pain. She instead testified only that Griffin's act of grabbing her from behind caused her pain in her waist and mouth. Tr. pp. 22-23.

[17] Accordingly, we conclude it is a reasonable probability that Griffin's convictions for both battery and criminal confinement were elevated based on the same evidence of pain, which was caused when Griffin initially grabbed and confined the victim. This constitutes improper double jeopardy. *See Zieman v. State*, 990 N.E.2d 53, 61 (Ind. Ct. App. 2013) (noting that, under rules of statutory construction and common law that constitute one aspect of Indiana's double jeopardy jurisprudence, where one conviction is elevated based on the same bodily injury that forms the basis for another conviction, the two cannot stand) (citing *Strong v. State*, 870 N.E.2d 442, 443 (Ind. 2007)).

[18] To remedy this double jeopardy violation, we may reduce either conviction to a less serious form of the same offense, if doing so will eliminate the violation. *Duncan v. State*, 23 N.E.3d 805, 818 (Ind. Ct. App. 2014), *trans. denied*. Accordingly, we vacate Griffin's conviction for Class A misdemeanor battery resulting in bodily injury reduce his battery conviction to Class B misdemeanor battery. *See* Ind. Code § 35-42-2-1(b) (defining battery that does not involve bodily injury as a Class B misdemeanor). Because Griffin's sentence for battery

was ordered to be served concurrently with his sentence for criminal confinement, this will result in no sentence reduction for Griffin.

[19] Affirmed in part and reversed in part.

Vaidik, C.J., and Barnes, J., concur.